The Honorable John T. Lowery, Jr. State Representative P.O. Box 2168 El Dorado, Arkansas 71731-2168
Dear Representative Lowery:
I am writing in response to your request for an opinion on whether the El Dorado School District is exempt from the provisions of A.C.A. §6-13-631, by virtue of A.C.A. § 6-13-631(g)(1)(A) and/or (g)(1)(D) (Repl. 1999) as amended by Act 1716 of 2001. That statute requires school districts with ten percent or more minority population to divide into single-member zones for the purpose of electing school board members. The procedure and authorized methods for electing board members are detailed in the statute. Compliance with the statute is excused, however, if the district falls within one of the exceptions listed in subsection (g) of the statute. That subsection provides as follows:
 (g)(1) The following school districts shall be exempt from the provisions of this section:
 (A) A school district that is currently operating under a federal court order enforcing school desegregation or the federal Voting Rights Act of 1965, as amended;
 (B) A school district that is operating under a preconsolidation agreement that is in compliance with the federal Voting Rights Act of 1965, as amended;
 (C) A school district that has a zoned board meeting the requirements of the federal Voting Rights Act of 1965, as amended; and
 (D) A school district that a federal court has ruled is not in violation of the federal Voting Rights Act of 1965, as amended, so long as the court order is in effect.
 (2) A school district which on August 13, 1993, was in the process of defending a lawsuit brought under the Voting Rights Act of 1965, as amended, shall also be exempt from the provisions of this section until such time as the lawsuit has been finally resolved.[1]
You ask that I render an opinion as to whether the El Dorado School District is exempt under the applicable provisions. You state that you "understand the El Dorado School District has operated under a federal court order since 1965, with the last order being July 7, 1971, and in addition, in 1992, Reverend Frank Townsend and others sued El Dorado School District in U.S. District Court, Western District of Arkansas, El Dorado Division, Case No. CIV-89-1111, with reference to the issue of single-member districts and voting rights."
You have enclosed a number of documents for my review, including an "Order Approving Settlement," filed July, 28, 1992, in the U.S. District Court referred to above. Your request indicates that this document "approved the Stipulation and settlement of the case by the creation of one three-member majority white zone, one three-member majority black zone, plus two at-large positions." You also state that "[t]his Order is still in effect."
You also note that the Department of Education currently requires each school district to report its compliance with A.C.A. § 6-13-631 by October 15 of each school year or to state how it is exempt from the statute. See generally, Op. Att'y Gen. 2001-140 (quoting the current State Board of Education regulations in this regard). The El Dorado School District, through its attorney, proposes to claim exemption "because it is operating under a court order and also because there is a federal court order approving the existing method, procedure and number of school board members in the El Dorado School District."
Again, you ask my opinion as to whether the El Dorado School District is exempt from the provisions of A.C.A. § 6-13-631.
RESPONSE
I must note that the issue you pose is ultimately one of fact, rather than of law. In the issuance of official legal opinions, I am not empowered or equipped to act as a fact-finder, or to definitively determine an issue based upon a statement of the facts given by one party to the dispute. Cf. Op. Att'y Gen. 98-312. Although you have enclosed a number of documents for my review, I cannot conclusively determine the answer to the factual question posed from a review of these documents. In addition, the Department of Education is given the statutory duty to implement A.C.A. § 6-13-631. It is that agency that is charged with the initial determination on the question you pose, subject of course, to the District's rights to seek a subsequent judicial determination.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Act 1716 of 2001 adds an additional provision to subsection (g), requiring districts released from federal court desegregation orders to comply with the statute within one-hundred and eighty days of such release. The act is effective August 13, 2001.